UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD LAWRENCE, <br><br> Plaintiff, <br><br> v. <br><br> TILRAY, INC., BRENDAN KENNEDY, CHRISTINE ST.CLARE, REBEKAH DOPP, SOREN SCHRODER, and MICHAEL AUERBACH, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

Plaintiff Richard Lawrence ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Action against Tilray, Inc. ("Tilray" or the "Company") and the members of Tilray's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9. By the action, Plaintiff seeks to enjoin the vote on a proposed transaction, pursuant to which Tilray will merge with Aphria Inc. ("Aphria") (the "Proposed Transaction").[1]

2. On December 16, 2020, Tilray and Aphria jointly announced their into an Arrangement Agreement dated December 15, 2020 (as amended on February 19, 2021, the "Arrangement Agreement"). The Arrangement Agreement provides that Aphria stockholders will

---

[1] Aphria is a global cannabis-lifestyle consumer packaged goods company, with operations in Canada, the United States, Europe and Latin America. Aphria, through its SweetWater subsidiary, also manufactures, markets and sells alcoholic beverages in the United States.

receive 0.8381 of a share of Tilray common stock for each Aphria share they own (the "Merger Consideration"). Upon closing of the transaction, Aphria stockholders will own approximately 61.2% of the combined company, and Tilray shareholders will own approximately 38.8%.

3. On March 12, 2021, Tilray filed a Schedule 14A Definitive Proxy Statement (the "Proxy") with the SEC. The Proxy, which recommends that Tilray stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things the financial projections for Tilray, Aphria and the pro forma company, and the data and inputs underlying the valuation analyses performed by the Company's financial advisors, Cowen and Company, LLC ("Cowen") and Imperial Capital, LLC ("Imperial"). The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Tilray stockholders need such information in order to make a fully informed decision whether to vote in favor of the Proposed Transaction.

4. It is imperative that the material information omitted from the Proxy is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Tilray.

10. Defendant Tilray is a Delaware corporation, with its principal executive offices located at 1100 Maughan Road, Nanaimo, British Columbia V9X 1J2. Tilray is a global pioneer in the research, cultivation, production and distribution of cannabis and cannabinoids currently serving tens of thousands of patients and consumers in 15 countries spanning five continents. Tilray's shares trade on the Nasdaq Global Select Market under the ticker symbol "TLRY."

11. Defendant Brendan Kennedy ("Kennedy") has been President, Chief Executive Officer ("CEO"), and a director of the Company since January 2018.

12. Defendant Christine St.Clare ("St.Clare") has been a director of the Company since June 2018.

13. Defendant Rebekah Dopp ("Dopp") has been a director of the Company since May 2018.

14. Defendant Soren Schroder ("Schroder") has been a director of the Company since August 2020.

15. Defendant Michael Auerbach ("Auerbach") has been a director of the Company since February 2018.

16.     Defendants identified in paragraphs 11-15 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

17.     On December 16, 2020, Tilray and Aphria jointly announced, in relevant part:

LEAMINGTON, Ontario & NANAIMO, British Columbia--Dec. 16, 2020-- Aphria Inc. ("Aphria") (TSX: APHA and Nasdaq: APHA), a leading global cannabis company inspiring and empowering the worldwide community to live their very best life, and Tilray, Inc. ("Tilray") (Nasdaq: TLRY), a global pioneer in cannabis research, cultivation, production and distribution, today announced that they have entered into a definitive agreement (the "Agreement") to combine their businesses and create the world's largest global cannabis company (the "Combined Company") based on pro forma revenue1. The deal is pursuant to a plan of arrangement (the "Arrangement") under the Business Corporations Act (Ontario), and the implied pro forma equity value of the Combined Company is approximately C$5.0 billion (US$3.9 billion), based on the share price of Aphria and Tilray at the close of market on December 15, 2020. Following the completion of the Arrangement, the Combined Company will have principal offices in the United States (New York and Seattle), Canada (Toronto, Leamington and Vancouver Island), Portugal and Germany, and it will operate under the Tilray corporate name with shares trading on NASDAQ under ticker symbol "TLRY."

The Combined Company, supported by low-cost, state-of-the-art cultivation, processing, and manufacturing facilities, will have a complete portfolio of branded Cannabis 2.0 products in Canada. Internationally, the Combined Company will be well-positioned to pursue growth opportunities with Aphria's medical cannabis and distribution footprint in Germany, and Tilray's European Union Good Manufacturing Practices ("EU-GMP") low-cost cannabis production facility in Portugal, which has export capabilities and tariff-free access to the European Union ("EU") to meet increasing global demand for medical cannabis. In the United States, the Combined Company will have a strong consumer packaged goods presence and infrastructure with two strategic pillars, including SweetWater Brewing Company ("SweetWater"), a cannabis lifestyle branded craft brewer, and Manitoba Harvest, a leading hemp food manufacturer and a pioneer in branded CBD and wellness products. The Combined Company is expected to have a strong, flexible balance sheet, cash balance and access to capital giving it the ability to accelerate growth and deliver attractive returns for stockholders.

Under the terms of the Arrangement, the shareholders of Aphria (the "Aphria Shareholders") will receive 0.8381 shares (the "Exchange Ratio") of Tilray for each Aphria common share (each, an "Aphria Share"), while holders of Tilray shares (the "Tilray Stockholders") will continue to hold their Tilray shares (the "Tilray Shares") with no adjustment to their holdings. Upon the completion of the Arrangement, Aphria

4

Shareholders will own approximately 62 percent of the outstanding Tilray Shares on a fully diluted basis, resulting in a reverse acquisition of Tilray, representing a premium of 23 percent based on the share price at market close on December 15, 2020 to Tilray shareholders. On a pro forma basis for the last twelve months reported by each company, the Combined Company would have had revenue of C$874 million (US$685 million).

**Proven Leadership Team**

The Combined Company will be led by a best-in-class management team and board of directors, with strong track records in consumer-packaged goods and cannabis experience internationally. Upon completion of the Arrangement, Aphria's current Chairman and Chief Executive Officer, Irwin D. Simon, will lead the Combined Company as Chairman and Chief Executive Officer. The board of directors will consist of nine members, seven of which, including Mr. Simon, are current Aphria directors and two of which will be from Tilray, including Brendan Kennedy, and one of which is to be designated. Aphria and Tilray are confident that the leadership team and proposed board of directors of the Combined Company provides a strong foundation for the Combined Company to accelerate growth. Additional senior leadership positions at the Combined Company will be named at a later date.

"This is an exciting day for both companies including our 2,500 employees, for the cannabis industry, and for patients and consumers around the world. We are bringing together two world-class companies that share a culture of innovation, brand development and cultivation to enhance our Canadian, U.S., and international scale as we pursue opportunities for accelerated growth with the strength and flexibility of our balance sheet and access to capital," said Mr. Simon. "Our highly complementary businesses create a combined company with a leading branded product portfolio, including the most comprehensive Cannabis 2.0 product offerings for patients and consumers, along with significant synergies across our operations in Canada, Europe and the United States. Our business combination with Tilray aligns with our strategic focus and emphasis on our highest return priorities as we strive to generate value for all stakeholders."

"I am honored to work with Brendan Kennedy, a pioneer in the cannabis industry, and the Tilray team as they join forces with our talented employees at Aphria," continued Mr. Simon. "I look forward to leading the talented teams of both Aphria and Tilray as we seek to create a leading global cannabis and consumer packaged goods company with a portfolio of medical, wellness and adult-use brands consumers love."

Mr. Kennedy, Tilray's Chief Executive Officer, commented, "We are thrilled to bring together two cannabis industry leaders. At this nascent stage of development and expansion of the global cannabis market, we believe companies with leading geographic scale, product range and brand expertise are most likely to benefit long-term. By leveraging our combined strengths and capabilities, we expect to be able to meet the needs of consumers more effectively all over the world and advance patient care. With a strong financial profile, low-cost production, leading brands, distribution network and unique partnerships, we believe the Combined Company will be well-

positioned to deliver sustainable, attractive returns for stockholders. I look forward to working with Irwin and the Combined Company's management team to make our consumer products more accessible around the world."

**Strategic and Financial Benefits**

The Combined Company will be the largest global cannabis company based on pro forma revenue for the last twelve months reported by each company with scale and breadth across major geographies and a complete portfolio of market leading brands in the major Cannabis 2.0 product categories. Aphria and Tilray each believe the business combination pursuant to the Arrangement will provide the following financial and strategic benefits, among others:

**Financial Strength and Flexibility**: The Combined Company will enjoy an attractive financial profile with pro forma revenue of C$874 million (US$685 million) for the last twelve months reported by each company, the highest in the global cannabis industry. In Canada, the combination of Aphria and Tilray will create the leading adult-use cannabis company with gross revenue of C$296 million (US$232 million) in the adult-use market for the twelve months reported by each company. Aphria has generated positive adjusted EBITDA over the last six quarters2, which in combination with the synergies to be realized, provides a robust platform for future profitability and cash flow generation for the Combined Company. This, collectively with the strength of the Combined Company's balance sheet and access to capital, is expected to help accelerate global growth and value for the Combined Company's stakeholders.

**Creates the Leading Canadian Adult-Use Cannabis Licensed Producer**: Together, Aphria and Tilray will be the leading adult-use cannabis Canadian Licensed Producer based on revenue for the last twelve months by combining their respective brands, distribution networks and world-class facilities. In Canada's C$3.1 billion adult-use, retail market3, the Combined Company will have one of the lowest cost production operations with its state-of-the-art facilities. In addition, the Combined Company will have a portfolio of carefully curated brands across all consumer segments that are sold through its distribution partners. On a pro forma basis, for the period August to October 2020, the Combined Company would have held a 17.3% retail market share4, the largest share held by any single Licensed Producer in Canada and 700 basis points higher than the next closest competitor.

**Increases Product Breadth and Commitment to Innovation**: Leveraging both Aphria and Tilray's commitment and culture of innovation and brand building, the Combined Company will serve clients with a complete portfolio of Cannabis 2.0 products and sales and service infrastructure supported by leading distribution partners. Aphria and Tilray's complementary brands will be available across economy, value, core, premium and premium plus product offerings. In addition, the Combined Company will have a complete breadth of products in every major cannabis category, including flower, pre-roll, oils, capsules, vapes, edibles and beverages.

**Establishes an Unrivaled European Platform**: The Combined Company will be well-positioned to pursue growth opportunities with its end-to-end EU-GMP supply

chain and distribution, which includes Aphria's German medical cannabis distribution footprint and Tilray's 2.7 million square foot European EU-GMP low-cost cannabis cultivation and production facility in Portugal. In Germany, Aphria's wholly-owned subsidiary, CC Pharma GmbH, will provide the Combined Company with distribution capabilities for the Aphria and Tilray medical cannabis brands to more than 13,000 pharmacies. In Portugal, Tilray's EU-GMP cultivation and production facility will provide the Combined Company with the capacity to cultivate and produce medical cannabis products in order to meet international demand and has export capabilities, which provides tariff-free access to the EU.

**Enhances Consumer Packaged Goods Presence and Infrastructure in the U.S.**: In the United States, the Combined Company will have a strong consumer packaged goods presence and infrastructure with two strategic pillars, including SweetWater, a cannabis lifestyle branded craft brewer, and Manitoba Harvest, a pioneer in branded hemp, CBD and wellness products with access to 17,000 stores in North America. The Combined Company is expected to leverage SweetWater's craft beer manufacturing and distribution network to build brand awareness for the Combined Company's leading brands via craft beers, hard seltzers, and other beverages as it seeks to take advantage of opportunities for both the adult-use and health and wellbeing beverage trends. The Combined Company also expects to pursue the opportunity to expand with new or existing CBD or other cannabinoid brands leveraging Manitoba Harvest's strong hemp and wellness product platform. When U.S. regulations allow, the Combined Company expects to be well-positioned to compete in the U.S. cannabis market given its existing strong brands and distribution system in addition to its track record of growth in consumer-packaged goods and cannabis.

**Positions Combined Company to Continue to Grow in the Beverage Segment**: The Combined Company believes it will be well-positioned to pursue an accelerated rate of growth in the Canadian and the U.S. beverage industries by leveraging SweetWater's innovation, knowledge, and expertise to introduce adult-use cannabis brands via craft beers and other beverages. This includes leveraging Aphria and Tilray's proven distribution networks in Canada to sell SweetWater's 420 cannabis lifestyle brand in Canada.

**Substantial Synergies**: The combination of Aphria and Tilray is expected to deliver approximately C$100 million of annual pre-tax cost synergies within 24 months of the completion of the transaction. The Combined Company expects to achieve cost synergies in the key areas of cultivation and production, cannabis and product purchasing, sales and marketing and corporate expenses. This is expected to include the opportunity for Aphria's Leamington, Ontario operations to provide additional volume for Tilray's brands and to replace the need for Tilray to use wholesale cannabis purchases from other licensed producers. Tilray's London, Ontario facility will also provide Aphria with excess capacity to increase production of additional form factors including their branded edibles and beverages. The Combined Company is considering utilizing Tilray's existing Nanaimo, British Columbia facility for Aphria's premium Broken Coast brand to increasingly meet consumer demand for its products. The Combined Company plans to capitalize on opportunities for growth through a broadened product offering and additional form factors, with the aim of increasing

adult-use cannabis brand availability across certain Canadian provinces to an expanded customer base with the Combined Company's scalable infrastructure. Internationally, the Combined Company will have the opportunity to reach additional pharmacies and patients via distribution relationships. The combination is expected to unlock significant shareholder value.

**Agreement Details**

Under the terms of the Agreement, the Arrangement will be carried out by way of a court approved plan of arrangement under the Business Corporations Act (Ontario) and will require the approval of at least two-thirds of the votes cast by the Aphria Shareholders at a special meeting. Approval of a majority of the votes cast by Tilray stockholders will be required to, among other things contemplated by the Agreement, authorize the issuance of Tilray shares to Aphria shareholders pursuant to the Arrangement. Following completion of the Arrangement, Aphria will become a wholly-owned subsidiary of Tilray, with Aphria shareholders owning approximately 62 percent of Tilray.

Completion of the Arrangement is subject to regulatory and court approvals and other customary closing conditions. Regulatory approvals expected to be required include Competition Bureau (Canada), U.S. HSR and Germany FDI. The Agreement includes certain reciprocal customary provisions, including covenants in respect of the non-solicitation of alternative transactions, a right to match superior proposals and C$65 million (US$50 million) reciprocal termination fee payable under certain circumstances. The Arrangement is expected to close in the second quarter of calendar year 2021 following the receipt of such regulatory approvals, as well as court approval of the Arrangement.

Each of Aphria's and Tilray's respective directors and officers and certain principal Tilray Stockholders have entered into voting support agreements agreeing to vote their Aphria Shares or Tilray Shares, as applicable, in favor of the resolutions put before them pursuant to the Agreement.

For further information on the terms and conditions of the Arrangement, please refer to the Agreement in its entirety, which will be available on SEDAR at www.sedar.com and on EDGAR at www.sec.gov. Full details of the Arrangement will be included in a management information circular of Aphria and in a Proxy of Tilray to be delivered to Aphria Shareholders and the Tilray Stockholders, respectively, in the coming weeks.

**Board of Directors' Approval**

Each of Aphria's and Tilray's respective board of directors has unanimously approved the Agreement and the Arrangement. Jefferies LLC provided a fairness opinion to the Board of Directors of Aphria on December 15, 2020, stating that, as of the date of such opinion and based upon the scope of review and subject to the assumptions, limitations and qualifications stated in such opinion, the Exchange Ratio is fair, from a financial point of view, to the Aphria Shareholders. Cowen provided a fairness opinion dated

December 15, 2020 to the board of directors of Tilray stating that, as of the date of such opinion and based upon and subject to the assumptions, limitations and qualifications stated in such opinion, the Exchange Ratio is fair, from a financial point of view, to Tilray.

**The Proxy Contains Material Misstatements or Omissions**

18. The defendants filed a materially incomplete and misleading Proxy with the SEC and disseminated it to Tilray's stockholders. The Proxy misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction.

19. Specifically, as set forth below, the Proxy fails to provide Company stockholders with material information or provides them with materially misleading information concerning the financial projections for Tilray, Aphria and the pro forma company, and the data and inputs underlying the valuation analyses performed by the Company's financial advisors, Cowen and Imperial.

*Material Omissions Concerning the Financial Projections for Tilray, Aphria and the Pro Forma Company and Cowen's and Imperial's Financial Analyses*

20. The Proxy omits material information regarding the financial projections for the Company, Aphria and the pro forma combined company, including the Wall Street Projections for each of Aphria and Tilray, utilized by Cowen. *See* Proxy at 78 (In connection with rendering its fairness opinion Cowen reviewed, among other things, "consensus estimates and financial projections in Wall Street analyst reports (together, "Wall Street Projections") for each of Aphria and Tilray[.]")

21. The Proxy also fails to disclose all line items underlying the calculations of adjusted EBITDA and unlevered free cash flow for the projection period as they relate to to each of Tilray's, Aphria's and the pro forma company's financial projections.

22. Additionally, the Proxy describe Cowen's and Imperial's fairness opinions and the various valuation analyses performed in support of their opinions. However, the description of

9

Cowen's and Imperial's fairness opinions and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Tilray's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Cowen's and Imperial's fairness opinions in determining whether to vote in favor of the Proposed Transaction.

23. With respect to Cowen's *Analysis of Selected Publicly-Traded Companies*, the Proxy fails to disclose the individual multiples and financial metrics for each of the companies observed.

24. With respect to Cowen's *Tilray Discounted Cash Flow Analysis*, the Proxy fails to disclose: (i) quantification of the Company's terminal value; and (ii) quantification of the inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%.

25. With respect to Cowen's *Aphria Discounted Cash Flow Analysis Based on Aphria Management Projections* and *Aphria Discounted Cash Flow Analysis Based on Aphria Management Projections as Adjusted by Tilray Management*, the Proxy fails to disclose: (i) quantification of Aphria's terminal value; and (ii) quantification of the inputs and assumptions underlying the discount rates ranging from 8.5% to 10.5%.

26. With respect to Cowan's *Wall Street Analyst Share Price Targets* analysis for Tilray and Aphria, the Proxy fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

27. With respect to Imperial's *Comparable Companies Analysis* and *Precedent Transactions Analysis*, the Proxy fails to disclose the individual multiples and financial metrics for each of the companies and transactions observed, respectively.

28. With respect to Imperial's *Discounted Cash Flow Analysis* of Tilray and Aphria, the Proxy fails to disclose: (a) quantification of the Company's and Aphria's terminal values; (b) quantification of the inputs and assumptions underlying the discount rate of 12.5%; and (c) Tilray's

10

and Aphria's free cash flow in the final fiscal year, to which a range of perpetuity growth rates were applied, or a clarification that unlevered free cash flows were utilized.

29.  With respect to Imperial's *Securities Analysts' Price Targets* analysis for Tilray, the Proxy fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

30.  The omission of this information renders the statements in the "Certain Tilray Forecasts" and "Opinion of Tilray's Financial Advisors" sections of the Proxy false and/or materially misleading in contravention of the Exchange Act.

31.  The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy.  Absent disclosure of the foregoing material information prior to the stockholder vote in connection with the Proposed Transaction, Plaintiff and the other Tilray stockholders will be unable to make an informed voting decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder

32.  Plaintiff repeats all previous allegations as if set forth in full.

33.  During the relevant period, defendants disseminated the false and misleading Proxy specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

34.  By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy.  The Proxy was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts,

including material information about the financial projections for the Company, Aphria and the pro forma company and the inputs and assumptions underlying Cowen's and Imperial's financial analyses. The defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

36. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

37. Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

38. Plaintiff repeats all previous allegations as if set forth in full.

39. The Individual Defendants acted as controlling persons of Tilray within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Tilray, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

41. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

42. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

43. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Tilray stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Tilray, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote

on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Tilray stockholders;

  B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

  C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

  D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

  E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 6, 2021        **LONG LAW, LLC**

             By */s/Brian D. Long*
               Brian D. Long (#4347)
               3828 Kennett Pike, Suite 208
               Wilmington, DE 19807
               Tel: (302) 729-9100
               Email: bdlong@longlawde.com

               *Attorneys for Plaintiff*